## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHARON M. JACKSON, STATE OF ) <br> ILLINOIS DEPARTMENT OF HEALTH ) <br> CARE AND FAMILY SERVICES, and ) <br> CLIFTON BARKER, ) <br> ) <br> Defendants. ) | Case No. 09-cv-1236 |

## O R D E R  &  O P I N I O N

On November 4, 2009, the United States of America filed an Amended Complaint pursuant to 28 U.S.C. § 1345, seeking to foreclose on a mortgage held by Sharon M. Jackson. (Doc. 11).[1] On January 15, 2010, this Court entered a Default Judgment of Foreclosure (Doc. 18), and on July 27, 2010 the U.S. Marshal's executed a Sale of the security property (Doc. 21) which this Court confirmed on September 9, 2010 (Doc. 26). The Marshal's Sale resulted in proceeds of $7,500. (Doc. 26). Of these proceeds, $5,044.85 was distributed to the United States for the subject loan, interest, and costs and $1067.50 was distributed to the United States Marshal's Service; $1387.65 of surplus remained which was "to be distributed at a later date." (Doc. 26 at 2). Subsequent to the Court's Decree Confirming the United States Marshal's Report of Sale, two parties have laid claim to that Surplus. Before

---

[1] The United States filed its first Complaint on July 8, 2009 (Doc. 1). This Complaint was amended due to a change in the person occupying the security property from Sherry Jackson to Clifton Barker.

the Court are a Statement of Creditor's Claim Against Proceeds of Sale (Doc. 27), a Letter from Cheri L. Jackson and Robert E. Jackson II requesting the Proceeds of Sale (Doc. 29), and a Motion for Order for Distribution of Sale Surplus filed by the United States (Doc. 30).

Pursuant to Illinois Foreclosure Law, 735 Ill. Comp. Stat. 5/15-1512 any surplus from a foreclosure sale will be held until "a party obtains a court order for its distribution." While the statute does not dictate to whom the surplus should be distributed, 735 Ill. Comp. Stat. 5/15-1106 instructs that "general principles of law and equity . . . supplement this Article unless displaced by a particular provision of it." *See Members Equity Credit Union v. Duefel*, 692 N.E.2d 865, 868 (Ill. App. Ct. 1998). In addition, the Default Judgment of Foreclosure entered in this case provided that, in distributing the proceeds of sale, the final step would be "[r]emittance of any surplus to the mortgagor or as otherwise directed by the court." (Doc. 18 at 11).[2]

Here, there are two parties seeking to recover the Surplus. The first is a creditor of the mortgagor who seeks to recover $586.41 for healthcare services and room and board at LaSalle Healthcare Center (Doc. 27), and the second is the mortgagor's children, who desire to obtain the full $1,387.50 in order "to pay her final expenses" (Doc. 29). The United States has informed the Court that all defendants were contacted and informed of their ability to file claims for the Surplus. (Doc. 30 at 2). The United States asks that the Court distribute $586.41

---

[2] This language is likely derived from a prior version of 735 Ill. Comp. Stat. 5/15-1512, which provided for "remittance of any surplus to the mortgagor or as otherwise directed by the court."

to LaSalle Healthcare Center, and the remaining $801.24 of Surplus to Ms. Jackson's children. Based upon the requests before the Court and the Motion of the United States, the Court finds that this would be an equitable distribution.

Accordingly, it is hereby ordered that the United States Marshal shall distribute the foreclosure sale proceeds as follows:

```
To the United States for the loan, interest and costs . . . . . . . . . . . . . . . . . . . $5044.85
To the United States Marshal's Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$1067.50
To LaSalle Healthcare Center . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $586.41
To Cheri L. Jackson and Robert E. Jackson, II . . . . . . . . . . . . . . . . . . . . . .   $801.24
```

IT IS SO ORDERED.


Entered this 20th day of October, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge